**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ZINET S.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 C 10638** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **FRANK BISIGNANO,** | ) | **Daniel P. McLaughlin** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Zinet S.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [20] is denied, and the Commissioner's request for affirmance [23] is granted.

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

In a determination dated January 4, 2019, Plaintiff was found disabled beginning on December 31, 2017. On February 24, 2023, it was determined that Plaintiff was no longer disabled as of that date. This determination was upheld upon reconsideration after a disability hearing by a state agency Disability Hearing Officer. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on May 29, 2024, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") and Plaintiff's daughter also testified.

On June 28, 2024, the ALJ determined that Plaintiff's disability under the Social Security Act ended on February 24, 2023. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

In his June 28, 2024 decision, the ALJ analyzed Plaintiff's disability in accordance with the applicable seven-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 416.994. The ALJ first explained that the most recent favorable medical decision finding that Plaintiff was disabled was

the determination dated January 4, 2019 (known as the "comparison point decision" or "CPD"). At the time of the CPD, Plaintiff had a medically determinable impairment of Hodgkin lymphoma which was found to meet a listed impairment. The ALJ found that the medical evidence established that, since February 24, 2023, Plaintiff has had the following medically determinable impairments: Hodgkin lymphoma; peripheral neuropathy; cardiac arrhythmia; and obesity. However, the ALJ concluded that, since February 24, 2023, Plaintiff has not had an impairment or combination of impairments which meets or medically equals the severity of any listed impairments. The ALJ then found that medical improvement occurred on February 24, 2023 and the medical improvement was related to the ability to work because Plaintiff's CPD impairment no longer met or medically equaled the same listing that was met at the time of the CPD. However, the ALJ determined that, since February 24, 2023, Plaintiff has continued to have a severe impairment or combination of impairments.

At the next step, the ALJ found that, since February 24, 2023, Plaintiff has had the residual functional capacity ("RFC") to perform light work with the following additional limitations: can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; is able to stand and/or walk for a total of about 6 out of 8 hours; is able to sit for a total of about 6 out of 8 hours; needs to alternate her position between sitting, standing, and walking for no more than five minutes out of every half hour, and, while doing so, would not need to be off task; can occasionally climb ramps and stairs, and can occasionally stoop, kneel, balance, crouch and

crawl, but can never climb ladders, ropes, or scaffolds; can perform fine and gross manipulation frequently but not constantly; can reach overhead using her right upper extremity frequently but not constantly; is limited to working in non-hazardous environments, *i.e.*, no driving at work, operating moving machinery, working at unprotected heights, and should avoid concentrated exposure to unguarded hazardous machinery. The ALJ then determined that Plaintiff would be unable to perform her past relevant work as a secretary. However, based upon the VE's testimony and Plaintiff's current impairments, age, education, work experience, and RFC, the ALJ found that Plaintiff has been able to perform jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that Plaintiff's disability ended on February 24, 2023 and she had not become disabled again since that date.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

In determining whether a plaintiff who was found disabled continues to be disabled, the ALJ follows a seven-step process for a Title XVI (SSI) claim. 20 C.F.R. § 416.994. Step one requires the ALJ to determine whether the plaintiff has an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the plaintiff does, her disability continues. 20 C.F.R. § 416.994(b)(5)(i).

At step two, the ALJ must determine whether medical improvement has occurred. 20 C.F.R. § 416.994(b)(5)(ii). Medical improvement is any decrease in the medical severity of the plaintiff's impairment(s) that were present at the time of the most recent favorable medical decision, and medical improvement is established by improvement in symptoms, signs, and/or laboratory findings. 20 C.F.R. §

416.994(b)(1)(i). If medical improvement has occurred, the analysis proceeds to the third step. If not, the analysis proceeds to the fourth step.

At step three, the ALJ must determine whether the medical improvement is related to the ability to work. 20 C.F.R. § 416.999(b)(5)(iii). Medical improvement is related to the ability to work if it results in an increase in the plaintiff's capacity to perform basic work activities. 20 C.F.R. § 416.994(b)(1)(iii). If the ALJ determines that medical improvement is related to the ability to work, the analysis proceeds to step five.

At step four, the ALJ must determine if an exception to medical improvement applies. 20 C.F.R. § 416.994(b)(5)(iv). There are two groups of exceptions. 20 C.F.R. § 416.994(b)(3), (b)(4). If an exception from the first group applies, the analysis proceeds to the next step. If an exception from the second group applies, the plaintiff's disability ends. If no exception applies, the plaintiff's disability continues.

Step five requires the ALJ to determine whether all the plaintiff's current impairments in combination are severe. 20 C.F.R. § 416.994(b)(5)(v). If all current impairments in combination do not significantly limit the plaintiff's ability to do basic work activities, the plaintiff is no longer disabled. If they do, the analysis proceeds to the next step. At step six, the ALJ must assess the plaintiff's residual functional capacity based on the current impairments and determine if she can perform past relevant work. 20 C.F.R. § 416.994(b)(5)(vi). If the plaintiff has the capacity to perform past relevant work, her disability has ended. If not, the analysis proceeds to the last step. At the last step, at which the burden falls on the

Commissioner, the ALJ must determine whether other work exists that the plaintiff can perform. 20 C.F.R. § 416.994(b)(5)(vii). If the plaintiff can perform other work, she is no longer disabled. If the plaintiff cannot perform other work, her disability continues.

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category

of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff's arguments for reversal boil down to the following contentions: (1) "[i]n light of the evidence available to the ALJ, [Plaintiff's various] conditions should have been considered severe" ([20] at 10); (2) "[i]n light of the evidence available to the ALJ" the ALJ should not have "found only mild limitations [for] the four functional 'paragraph B' areas" (*id.* at 11); (3) "due to her physical conditions, even light works presents a serious challenge to Plaintiff's functional abilities" and

she "is limited to sedentary work" (*id.* at 11-12); and (4) "[g]iven Plaintiff's impairments . . . Plaintiff cannot perform these jobs [as an office helper, mail clerk, or small parts assembler] or indeed any work in the national economy" (*id.* at 12).

The arguments advanced by Plaintiff evidence a fundamental misunderstanding of this Court's role in reviewing the ALJ's decision. The role of this Court is not to determine in a *de novo* fashion whether the ALJ's findings are "right," but rather to determine whether the ALJ's conclusions are based on substantial evidence (only more than a mere scintilla of evidence). Indeed, the Seventh Circuit has repeatedly made clear that courts considering Social Security disability appeals "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [their] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations omitted). All of Plaintiff's arguments set forth above amount to impermissible requests that this Court reweigh the evidence. *See Fitschen v. Kijakazi*, 86 F.4th 797, 806 (7th Cir. 2023) ("[T]his argument essentially asks us to reweigh the evidence and substitute our judgment for the Commissioner's. That's not our role."). The Court must decline Plaintiff's repeated invitations to do so. *See Crowell v. Kijakazi*, 72 F.4th 810, 818 (7th Cir. 2023) ("Crowell's arguments amount to disagreements with the administrative law judge's conclusions, and we decline her invitation to reweigh the evidence."); *Pufahl v. Bisignano*, 142 F.4th 446, 459 (7th Cir. 2025) ("In short, we must decline the invitation to reweigh the evidence."). As Plaintiff has not raised any other

arguments warranting remand, Plaintiff's motion for summary judgment must be denied and Defendant's request for affirmance granted.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for summary judgment [20] is denied, and the Commissioner's request for affirmance [23] is granted.

**SO ORDERED.**

**ENTERED:**

**DATE: October 29, 2026**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**